UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>WILLIAM MORAIN, SR.,<br>Defendant. | Case No. 3:25-cr-05335-TMC<br><br>ORDER DENYING EARLY TERMINATION OF SUPERVISED RELEASE |

Before the Court is Defendant William Morain's motion for early termination of supervised release. Dkt. 6. The Court has considered Mr. Morain's motion, the response from the United States (Dkt. 7), the memorandum from Mr. Morain's probation officer (Dkt. 8), and the underlying record of Mr. Morain's supervision and criminal conviction. Because the relevant factors under 18 U.S.C. § 3583(e) and § 3553(a) support Mr. Morain's continued supervision, the Court DENIES the motion.

## I. BACKGROUND

Mr. Morain was convicted in 2013 of one count of Distribution of Child Pornography and one count of Possession of Child Pornography. Dkt. 2-1 at 1. The underlying offense conduct involved sharing and receiving files of child sex abuse material through peer-to-peer networks on his work computer. *See* Dkt. 7 at 3; Dkt. 8. He was sentenced to 151 months imprisonment and

five years of supervised release. Dkt. 2-1 at 2–3. His term of supervised release began on October 5, 2023 and is set to expire on October 4, 2028. Dkt. 8 at 1. Before his supervision was transferred here from the District of Kansas, the court modified his supervised release conditions to allow contact with his 17-year-old granddaughter so that he could reside with his son and daughter-in-law. *See id.* at 1–2.

The parties agree that Mr. Morain has performed well on supervision. He lives with his son and daughter-in-law on a rural family property, and he spends most of his time crocheting and taking care of their land and animals. His family is supportive and prosocial. He has not had any violations during his term of supervision and his computer access has been monitored with no reported concerns. He completed sex offender treatment in December 2025. While commending Mr. Morain's good performance, the probation office does not endorse early termination because of the short time between his completing sex offender treatment and this motion. His probation officer writes that "additional monitoring will allow us time to ensure Mr. Morain is putting into practice what he learned in treatment." *Id.* at 2. The United States agrees with probation and opposes early termination.

## II. DISCUSSION

"The correct legal standard for deciding a motion to terminate supervised release is set forth in 18 U.S.C. § 3583(e)." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). Section 3583(e) provides that, after considering a subset of the factors set forth in 18 U.S.C. § 3553(a), a court may end a term of supervised release after one year "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). "The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *Emmett*, 749 F.3d at 819.

The Section 3553(a) factors a court must consider when deciding whether to terminate a term of supervised release are: the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence to deter criminal conduct, protect the public, and provide needed correctional treatment; the applicable guidelines and policy statements issued by the Sentencing Commission; the need to avoid unwarranted sentence disparities; and the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3583(e) (citing 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)).

The Court has considered the relevant Section 3553(a) factors as applied to Mr. Morain. In this case, the most significant factors are the nature and circumstances of the offense; the need for the sentence to deter criminal conduct, protect the public, and provide needed correctional treatment; and the applicable guidelines. Mr. Morain received the lowest possible term of supervision for his crime. While his conduct on supervised release has been exemplary, since he has only recently completed sex offender treatment, the Court agrees with probation that continued supervision plays an important role in ensuring that he can lawfully self-manage his behavior beyond treatment and that there is no ongoing danger to public safety. Mr. Morain should be proud of his good performance, and he may be a good candidate for early termination once some additional time has passed after his completion of treatment. But the interests of justice and the purposes of supervised release support his continued supervision for now.

## III. CONCLUSION

For these reasons, the Court DENIES Mr. Morain's motion for early termination of his supervised release (Dkt. 6). The Clerk is directed to send copies of this Order to all counsel of record and to the United States Probation Office.

Dated this 11th day of August, 2026.

Tiffany M. Cartwright
United States District Judge